UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DWIGHT D. MURRAY,

                    Plaintiff,

         v.                                                24-CV-7546 (RA)

VERIZON COMMUNICATIONS CORP.,                        MEMORANDUM
HANS VESTBERG, and TODD                              OPINION & ORDER
SCHULMAN, JASON CEGIELSKI.

                    Defendants.

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Dwight D. Murray brings this lawsuit, *pro se*, against Verizon Communications Corp. ("Verizon") and three Verizon employees, Hans Vestberg, Todd Schulman, and Jason Cegielski (collectively the "Individual Defendants"). Before the Court is Verizon's motion to dismiss the case against all Defendants, as well as what the Court construes as Plaintiff's motion for leave to file an amended complaint. For the reasons set forth below, the motion to dismiss is granted without prejudice for failure to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m). To the extent Plaintiff seeks to continue to prosecute this case, he may file an amended complaint no later than May 1, 2026, and serve all Defendants with summonses and the amended complaint, as required by Rule 4(m), no later than July 30, 2026.

## BACKGROUND

The Court draws the following facts from the operative complaint, accepting "well-pleaded factual allegations" as true for purposes of resolution of the pending motion to dismiss. *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020). In the complaint, Plaintiff alleges that he was a "Central Office Technician" employed by Verizon from 1988 through 2023. Dkt. No. 1 (Compl.) ¶¶ 6, 43. Plaintiff tells a story of workplace harassment and "constructive discharge." *Id.* ¶ 2. In 2005, he was apparently working within Verizon's Central Office. After Plaintiff won a workers'

compensation case against his supervisor in 2005, Verizon allegedly placed him on a "hit list" of mostly Black technicians who, despite their "seniority," were transferred into more demanding physical jobs. *Id.* ¶¶ 7–8. At some point during this period, Plaintiff states that his passport was stolen "in the workplace." *Id.* ¶ 11. Plaintiff alleges that he sued Verizon for its alleged pattern of workplace misconduct, and the parties reached settlement in 2012. *Id.* ¶ 16. In the complaint, Plaintiff lays out new allegations against Verizon of post-settlement conduct, including interference with a personal loan in 2019 and the reduction of paychecks while out on disability. *Id.* ¶¶ 43–44. Liberally construed, the complaint asserts claims under 42 U.S.C. §§ 1981 and 1983, breach of contract, breach of fiduciary duty, and what appear to be claims sounding in negligence and violation of New York's Breach Notification Act, N.Y. Gen. Bus. Law § 899-aa (the "SHIELD Act"). *See* Compl. ¶¶ 13, 49–85.

Plaintiff filed this lawsuit on October 4, 2024. After he initially failed to obtain and serve summonses and the complaint on Defendants, Magistrate Judge Ricardo, to whom this case is referred for general pretrial purposes, issued an order on February 5, 2025 requiring Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. Dkt. No. 5. (Feb. 5, 2025 Order). Plaintiff provided an explanation for his initial failure to serve summonses or the complaint in a February 14, 2025 letter, and the Clerk of Court issued summonses for all Defendants on that same day. Dkt Nos. 6 (Summonses), 7 (Pl.'s Feb. 14, 2025 letter). On February 20, 2025, Judge Ricardo issued an order directing Plaintiff to "arrange for service of the summons and complaint on each Defendant within 90 days of the issuance of the summonses. Plaintiff should file proof of service on the docket once effected." Dkt. No. 8 (Feb. 20, 2025 Order) at 1. On May 20, 2025, after Plaintiff had failed to file notice of service on the docket, Magistrate Judge Ricardo issued another order directing Plaintiff, by May 27, 2025, to show cause as to why service had not been completed or, alternatively, to file proof of service. Dkt. No. 9 (May 20, 2025 Order).

In a May 30, 2025 letter, Plaintiff informed the Court that he was not previously aware of the requirement to file an affidavit of service. Dkt. No. 10 (Pl.'s May 30, 2025 letter). That same day,

Plaintiff filed four documents, each styled "AFFIDAVIT OF SERVICE of Summons and Complaint," each relating to a different defendant.   Dkt. Nos. 11 (Pl.'s Cegielski Aff.), 12 (Pl.'s Schulman Aff.), 13 (Pl.'s Vestberg Aff.), and 14 (Pl.'s Verizon Aff.).   Each affidavit described the service of his "EMPLOYMENT DISCRIMINATION COMPLAINT," but not the summonses.  *See id.*  The Verizon Affidavit states that it was served upon "Vincenzia Cipriano," an individual "authorized to accept service" on behalf of Verizon, at 28 Liberty Street, New York, NY 10005.  Pl.'s Verizon Aff. According to Plaintiff's affidavits, the three Individual Defendants were served by "Mailing (USPS)]." Pl.'s Cegielski Aff.; Pl.'s Schulman Aff.; Pl.'s Vestberg Aff.

On July 17, 2025, after appearing, Defendant Verizon moved to dismiss. *See* Dkt. Nos. 20 (Verizon's Mot.), 20-1 (Verizon's Br.).   As part of its motion, Verizon points to the defects in Plaintiff's service.  *Id.* at 1.  It argues that none of the Defendants have been served with a summons, and that the Individual Defendants, who did not appear alongside Verizon, have not even been served with the complaint by an authorized method.  *Id.*  It also makes several substantive arguments for dismissal. *Id.* at 2.

In an opposition filed on July 21, 2026, Plaintiff, acknowledging that he has "been clumsy to some degree" but insisting that he has "acted in good faith," "ask[ed] that the [C]ourt grant [him] the time . . . to offer an amended complaint."   Dkt. No. 22 (Pl.'s Opp'n) at 2.   He also sought a renewed opportunity to properly serve Verizon.  *Id.*  He stated that he has "evidence in [his] possession that the defendants have been properly served," and he was "willing to re-serve them [an amended complaint] within the time frame allotted." *Id.* at 1.  Plaintiff further stated that he could demonstrate that Verizon acted "maliciously, deceptively and in bad faith" against him in the wake of the initial settlement.  *Id.* He alluded to new evidence, which he wrote he was still "retrieving," which would "substantiate [his] allegations" that he was constructively terminated from Verizon as a result of racial discrimination and did not resign of his own accord.  *Id.* 1–2.  He also stated that he could "show that Verizon remains in non-compliance" with New York's SHIELD Act, N.Y. Gen. Bus. Law § 899-aa.  *Id.* at 1.  One week

3

after filing his response to the motion, Plaintiff filed a document titled "Amended Complaint." Dkt. No. 24 (Proposed Am. Compl.). Although Plaintiff's opposition brief alludes to "evidence" in his possession "supporting racial animus and discrimination in violation of [Verizon's] contractual responsibilities" and relating to other purported malfeasance on Verizon's part, the proposed amended complaint does not appear to include all the new allegations referenced in Plaintiff's brief.

In a supplemental memorandum of law, filed in response to Plaintiff's opposition and proposed amended complaint, Verizon urges this Court to deny Plaintiff the opportunity to re-serve Verizon and file an amended complaint. Dkt. No. 25 (Verizon's Supp. Br.).

## LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 83 (S.D.N.Y. 2021) "A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *Id.* "When a defendant challenges service of process, 'the burden of proof is on the plaintiff to show the adequacy of service.'" *Id.* at 64 (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997)).

## DISCUSSION

Verizon makes several arguments for dismissal of the claims against both it and the Individual Defendants (whom Verizon's counsel does not purport to represent). First, Verizon argues that neither it nor the Individual Defendants were properly served, and the complaint should therefore be dismissed pursuant to Rule 12(b)(5).[1] Second, Verizon argues that all of Plaintiff's claims are time barred or otherwise fatally flawed, thus warranting dismissal under Rule 12(b)(6). Finally, Verizon argues that

---

[1] Although Verizon's counsel does not represent the Individual Defendants, who have not appeared, the service defects apply to all Defendants.

Plaintiff's failure to properly serve Defendants and the futile nature of his claims warrant dismissal with prejudice. The Court agrees that dismissal is warranted for improper service. Because Plaintiff has failed to properly serve Defendants, the complaint is dismissed pursuant to Rule 12(b)(5), and the Court does not reach Verizon's Rule 12(b)(6) arguments. As Plaintiff is *pro se*, and because Plaintiff seeks to amend the complaint with new allegations, dismissal is without prejudice, and Plaintiff may file an amended complaint.

## I.      Improper Service

"Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served with the summons and complaint within 90 days after the complaint is filed." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 397 (S.D.N.Y. 2020). "Pro se plaintiffs are not excused from complying with the applicable rules of service merely by virtue of their pro se status." *Sander v. Off. of Comptroller of Currency*, 2016 WL 11951030, at *5 (S.D.N.Y. Sept. 29, 2016) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Plaintiff filed affidavits of service for each Defendant on the docket. *See* Pl.'s Cegielski Aff.; Pl.'s Schulman Aff.; Pl.'s Vestberg Aff. These affidavits only describe service of an "Employment Discrimination Complaint," and not a summons. Defendants argue that they never were served with summonses, which Plaintiff does not dispute. Indeed, although Plaintiff states in his opposition that he has "evidence in [his] possession that the defendants have been properly served," Pl.'s Opp'n at 2, he does not contend that summonses were ever served, nor has he filed any amended proof of service reflecting service of a summons on any defendant. In assessing a Rule 12(b)(5) motion, courts may look past "a minor or technical failure, such as misspelling a defendant's name or referring to the complaint for the proper caption." *Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234 F.R.D. 59, 61 (S.D.N.Y. 2005). However, "a complete disregard for the requirement that a summons be served" constitutes more than a "mere technical failure" and warrants dismissal under Rule 12(b)(5), as it renders service

of process "ineffective." *Id.* Plaintiff has completely disregarded the requirement of serving summonses here, and dismissal is therefore warranted.

Plaintiff's method of service also appears to have been improper for the Individual Defendants, who have not appeared. Per the affidavits filed by Plaintiff, the Individual Defendants were served with the complaint by mail. This does not meet the requirements for service under Rule 4:

> Pursuant to Rule 4(e)(2), service upon an individual must be accomplished by (1) "delivering a copy of the summons and of the complaint to the individual personally," (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or" (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C). Rule 4(e)(1) also allows for service in accordance with the law of the state in which the district is located. Under New York law, a plaintiff has additional options, including leaving the summons with a person of suitable age and discretion at the Defendant's actual residence or place of business and following up with a mailing to the individual's last known residence or actual place of business.

*George v. Roberts*, 2018 WL 1517203, at *3 (S.D.N.Y. Mar. 26, 2018). Plaintiff does not attest that he attempted any of the methods of service described in *George*. Thus, even setting aside the failure to include summonses, service was deficient against the Individual Defendants because Plaintiff did not serve them via a proper method.

## II.    Opportunity to Amend and Re-Serve

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "The law downplays the strict application of harsh procedural rules when a party is *pro se*." *Stewart v. U.S. Postal Serv.*, 649 F. Supp. 1531, 1535 (S.D.N.Y. 1986). Plaintiff indicates in his opposition that he has additional evidence—perhaps beyond what is included in his proposed amended complaint—of discriminatory conduct on Verizon's part. In order for the Court to fully assess the merits of Plaintiff's claims, he should include in his amended complaint any credible allegations for which he has evidence. As Plaintiff is *pro se*, the Court will "afford [him]

6

'special solicitude' by interpreting [the amended] complaint . . . to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).

## CONCLUSION

For the foregoing reasons, Verizon's motion to dismiss is granted without prejudice pursuant to Rule 12(b)(5) for failure to properly serve Defendants.  Plaintiff is granted leave to file an amended complaint with all the allegations on which he seeks to rely no later than May 1, 2026.  Plaintiff shall serve all Defendants with summonses and the amended complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure no later than July 30, 2026.

Plaintiff is reminded that if he seeks legal assistance, he may contact the City Bar Justice Center's Clinic for *pro se* litigants.  Unrepresented parties such as Plaintiff may consult with the clinic by visiting its website at www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project, by calling (212) 382-4794, or by emailing fedprosdny@nycbar.org. This clinic, which is neither part of nor run by the Court, assists *pro se* litigants with federal civil cases.

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 20 and mail a copy of this Order to Plaintiff at the address listed on the docket.

SO ORDERED.

Dated:    March 30, 2026
          New York, New York

Ronnie Abrams
United States District Judge