UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 11/23/2026

DWIGHT MURRAY,

Plaintiff,

-v-

VERIZON COMMUNICATIONS CORP., ET AL.,

Defendants.

**ORDER**

24-CV-7546 (RA) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Defendant Verizon Communications Corp. ("Verizon") filed a November 11, 2026 letter requesting clarification regarding whether it has an obligation to answer and, if so, which is the operative complaint. ECF No. 48. As described below, plaintiff Dwight D. Murray ("Plaintiff") has not demonstrated that any Defendant has been properly served. Accordingly, Defendants have no obligation to answer at this time.

## I. BACKGROUND

### A. The March 30 Order

The starting point for addressing Verizon's inquiry is the Court's March 30, 2026 Memorandum Opinion & Order, ECF No. 33 (the "March 30 Order"). The March 30 Order granted Defendants' motion to dismiss Plaintiff's complaint for lack of proper service. March 30 Order at 7. In particular, Plaintiff failed to serve summonses on any of the Defendants. *Id.* at 6. Additionally, Plaintiff's affidavits of

service stated that service was made by mail, which does not meet the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Id.*

The Court granted Plaintiff leave to file an amended complaint by May 1, 2026 and further provided, "Plaintiff shall serve all Defendants with summonses and the amended complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure no later than July 30, 2026." *Id.* at 7.

**B. Subsequent Filings**

After entry of the March 30 Order, Plaintiff requested an extension of time. ECF No. 34. The undersigned granted that request, giving Plaintiff until June 30 to file his amended complaint and until September 28 to serve all Defendants with summonses and the amended complaint in accordance with Rule 4. ECF No. 36.

Plaintiff filed an Amended Complaint on June 30. ECF No. 37. On the same day, Plaintiff filed a letter attaching certain evidence regarding a "previously settled lawsuit." ECF No. 38. Although no leave was given to amend his pleading further, Plaintiff filed another Amended Complaint on July 27, 2026. ECF No. 39. Upon seeing that filing, the undersigned entered an order on July 30 reminding Plaintiff of his September 28 service deadline and warning, "if proof of service is not filed on the docket by then, the case could be dismissed for failure to prosecute." ECF No. 40.

Without seeking or obtaining leave to amend his pleading, Plaintiff filed a September 28, 2026 letter enclosing what he described as "my final amended complaint," which removed Hans Vestberg as a defendant. ECF No. 41. This letter

also described certain attempts to serve Defendants. On the same day, Plaintiff filed a document described as an Amended Complaint. ECF No. 42.

After reviewing Plaintiff's September 28 letter, which did not attach proof of service but represented that some service had been completed, the undersigned entered an order on September 30 extending to October 12 the deadline to file proof of service on all Defendants. ECF No. 43. Plaintiff made a filing on October 2 entitled, "Final Disposition of Process Service." ECF No. 44. After the extended October 12 deadline had passed, Plaintiff filed a letter on November 5, 2026 that appeared to ask the Court to authorize alternative methods of service. ECF No. 46. The day before that, on November 4, Plaintiff filed yet another document described as the "Complaint" with the words "already served" handwritten on its first page. ECF No. 47.

## II. DISCUSSION

Plaintiff has failed to comply with the requirements of the March 30 Order, even after the undersigned extended his time to do so twice. Plaintiff did meet the requirement of filing an Amended Complaint by June 30. ECF No. 37. Plaintiff's unauthorized filing of three additional complaints after June 30 has created confusion over which is the operative pleading.[1] It is not, however, necessary to resolve this question because Plaintiff has failed to file proof of proper service.

[1] Since the March 30 Order, Plaintiff has filed four documents described as amended complaints or complaints. *See* ECF Nos. 37, 39, 42, 47. While the undersigned has not conducted a word-for-word comparison of these four filings, a visual inspection indicates that no two of the four complaints are completely identical.

Since the March 30 Order, Plaintiff has made several filings claiming that service was made or that purport to include proof of service. *See* ECF Nos. 41, 44, 46. Upon review, none of these filings provides *prima facie* evidence that Plaintiff properly served a summons and amended complaint on any of the Defendants.

**A. ECF No. 41**

This September 28, 2026 filing claimed that Verizon had been served, but reported difficulties in serving the individual defendants. While this filing includes multiple documents showing orders placed with a process server, it includes only one Affirmation of Service. ECF No. 41 at 8. This affirmation describes the July 29, 2025 service of "Legal Documents – Section 899-AA Jury Trial Demand, Response Form, Exhibits" on Jackson Lewis PC. On its face, this affirmation makes no mention of the summons and complaint. Further, this affirmation of service predates the March 30 Order and could not have described service of an amended complaint. Finally, unless counsel is authorized to accept service, which is not claimed, service on counsel is not valid service under Rule 4. For these reasons, the filing at ECF No. 41 provides no evidence that Defendants were properly served with summonses and the amended complaint.

**B. ECF No. 44**

This October 2, 2026 filing contains a handwritten cover note claiming that defendants Jason Cegielski, Todd Shulman and Verizon Corp. were served. In fact, the supporting documents included in this filing do not support the assertions made

on the cover page. This filing includes six affirmations, which are numbered for ease of reference and described below.

**(1) Affirmation of Non Service of Verizon Communications Corp.** ECF No. 44 at 3. This October 1, 2026 affirmation describes three attempts to serve Verizon with a "Complaint & Preliminary Statement" received on September 24. There is no mention of attempting to serve a summons. The affirmation describes two unsuccessful attempts at service, on September 25 and September 30, 2026. It also describes a "successful" attempt on October 1, 2026 at 1095 Avenue of the Americas. The description of the October 1 service also reads "DOCS MUST BE EMAILED TO Michael.j.gaughan@verizon.com (Corporate Security)." This description does not specify which representative of Verizon was served at 1095 Avenue of the Americas and whether that person was authorized to accept service for Verizon. Even assuming that an authorized representative of Verizon was served on October 1, 2026, there is no mention of serving a summons.

**(2) Affirmation of Digital Service of Verizon Communications Corp.** ECF No. 44 at 4. This October 1, 2026 affirmation describes service of Verizon with a "Complaint & Preliminary Statement" by sending an email to "Michael.j.gaughan@verizon.com (Corporate Security)" on October 1. There is no mention of serving a summons and email is not a valid method of service under Rule 4.

**(3) Affirmation of Non-Service of Todd Shulman.** ECF No. 44 at 6. This October 1, 2026 affirmation describes three unsuccessful attempts to serve

Todd Shulman with the "Complaint and Preliminary Statement" at 1095 Avenue of the Americas on September 25, September 30, and October 1. On its face, this affirmation does not claim Mr. Shulman was served at all.

**(4) Affirmation of Digital Service of Todd Shulman.** ECF No. 44 at 7. This October 1, 2026 affirmation describes service of a "Complaint and Preliminary Statement" on Todd Shulman by sending an email to Michael.j.gaughan@verizon.com. Email is not a valid method of service under Rule 4. Even if it were, there is no indication that Shulman was served with a summons.

**(5) Affirmation of Non Service of Jason Cegielski.** ECF No. 44 at 9. This October 1, 2026 affirmation describes three attempts to serve Jason Cegielski with the "Complaint and Preliminary Statement" at 1095 Avenue of the Americas. The affirmation describes as unsuccessful the attempted service on September 25 and September 30, 2026. The affirmation describes as successful the attempted service on October 1, 2026. That same entry for the October 1 service also reads, "DOCS MUST BE EMAILED TO Michael.j.gaughan@verizon.com (Corporate Security)." It is unclear from the description of the October 1 service whether the affiant claims there was in-person delivery or service by email. Even assuming that Cegielski was served in person, there is no indication that he was served with the summons.

**(6) Affirmation of Digital Service of Jason Cegielski.** ECF No. 44 at 10. This October 1, 2026 affirmation describes service of a "Complaint and Preliminary Statement" on Jason Cegielski by sending an email to

Michael.j.gaughan@verizon.com. Email is not a valid method of service under Rule 4. Even if it were, there is no indication that the summons was served on Cegielski.

These six affirmations of service included in the filing at ECF No. 44, several of which are entitled "Affirmation of Non-Service," are not a model of clarity. Even drawing all reasonable inferences in Plaintiff's favor and assuming that documents were delivered to an authorized agent of Verizon and that Jason Cegieslski was served in person, there is still no indication that any Defendant was served with a summons. This is the same defect that the Court identified in the March 30 Order.

**C. ECF No. 46**

On November 5, 2026, which was after the extended deadline for Plaintiff to file proof of service, Plaintiff filed what appears to be a request that the Court authorize an alternative method of service. ECF No. 46 at 1. This filing includes a copy of an undated letter to Defendants' counsel asking for a waiver of service. No waiver of service has been filed on the docket to date. This filing also attaches other documents said to evidence Plaintiff's efforts to serve Defendants. These documents include copies of order forms and invoices from a process server. They also include additional copies of the affirmations of service (or non-service) that were filed with ECF No. 44, which are dated October 1, 2026. The following table lists the service affirmations included in ECF No. 46 that are also found in ECF No. 44. The first column lists the page number of ECF No. 46 where the affirmation appears. The second column describes the affirmation using the six reference numbers identified

above. The third column lists the page number in ECF No. 44 where the same affirmation appears.

| **Page of ECF No. 46** | **Description** | **Page of ECF No. 44** |
|---|---|---|
| 5 | (1) Affirmation of Non Service of Verizon Communications Corp. | 3 |
| 6 | (2) Affirmation of Digital Service of Verizon Communications Corp. | 4 |
| 8 | (3) Affirmation of Non-Service of Todd Shulman | 6 |
| 9 | (4) Affirmation of Digital Service of Todd Shulman | 7 |
| 11 | (5) Affirmation of Non Service of Jason Cegielski | 9 |
| 12 | (6) Affirmation of Digital Service of Jason Cegielski | 10 |

Additionally, page 16 of ECF No. 46 contains an image of a September 4, 2025 Affirmation of Service of "Judge's Note, Case Info, Judge's Note" upon Jackson Lewis PC. This affirmation, which predates the March 30 Order, does not show service of the summons and complaint. Finally, page 17 of ECF No. 46 contains a partial image of an Affirmation of Service describing a July 29, 2025 service of "Legal Documents Section 8990AA Jury Trial Demand, Response Form, Exhibits" upon Jackson Lewis. This appears to be same document included in ECF No. 41.

In summary, ECF No. 46 contains the same six service affirmations that are included in ECF No. 41, plus two others showing service upon Defendants' counsel in 2025. None of these documents evidences service of a summons and complaint on any Defendant.

## III. CONCLUSION

Having reviewed each of Plaintiff's filings since the March 30 Order, none provides what the Court required in the March 30 Order. Simply put, the docket contains no evidence that Plaintiff served a summons and amended complaint on any Defendant, and the deadline for Plaintiff to provide such proof of service has expired. Thus, Plaintiff has failed to comply with the March 30 Order, as extended.

Rule 12(a)(1)(A)(i) provides that a defendant must serve an answer "within 21 days after being served with the summons and complaint." As far as the docket reflects, Defendants have not been served with the summons and complaint, and they have no obligation to answer.

**SO ORDERED.**

Dated: November 23, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge